**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **Jose Luis Torres,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case Number** 7:26-cv-1 |
| **v.** | § | |
| | § | |
| **Life Line Technologies LLC d/b/a Xstreme MD,** | § | |
| | § | |
| **Defendant.** | § | |

## Complaint & Jury Demand

1. The Plaintiff, Jose Luis Torres, sues Defendant, Life Line Technologies LLC d/b/a Xstreme for negligent staffing, negligent supervision, negligent drug testing collection, negligent security, and libel.

2. The Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332.

3. Venue is appropriate in Midland/Odessa Division of the United States District Court for the Western District of Texas because the harm occurred in Midland, Texas.

4. Plaintiff's damages exceed $75,000.00.

5. Plaintiff is a citizen of Texas.

6. Plaintiff resides in Midland, Texas.

7. Defendant is a citizen of Louisiana.

8. Defendant is a Louisiana limited liability company.

9. Defendant has three members.

10. Joseph K. Pearson, M.D. is a member of Defendant.

11. Dr. Pearson is a citizen of Louisiana.

12. Mike Odient, M.D. is a member of Defendant.

13. Dr. Odient is a citizen of Louisiana.

14. Louis M. Corne, Jr. M.D. is a member of Defendant.

15. Dr. Corne is a citizen of Louisiana.

16. Defendant operates a drug collection site in Midland, Texas.

17. Defendant collected a drug sample from Plaintiff at 2600 FM 307, Midland, Texas 79706 on October 21, 2025.

18. Plaintiff worked for ProPetro Services from on or about December 2017 through November 17, 2025.

19. In 2024, Plaintiff had gross wages of $170,876.86 working for ProPetro Services.

20. Plaintiff was discharged by ProPetro Services on or about November 17, 2025, because of the negligence of Defendant.

21. Defendant told Plaintiff that it was understaffed.

22. Defendant told Plaintiff that mistakes in collections at its Midland location have occurred.

23. Defendant is in the business of collecting urine samples to send to a laboratory.

24. Defendant knew that it had to be adequately staffed.

25. Defendant had a duty to exercise reasonable care in hiring, supervising, and retaining competent employees.

26. Defendant knew that it had to train its employees to collect drug testing samples.

27. Defendant knew that it had to supervise its employees that collect drug testing samples.

28. Defendant knew that it had to have adequate security at its collection site.

29. The damages suffered by Plaintiff due to Defendant's actions were foreseeable.

30. Defendant breached its duties to Plaintiff.

31. Plaintiff was entitled to an adequately staffed collection facility where the employees were trained and supervised, and drug samples were adequately collected and secured.

32. Plaintiff was not on drugs.

33. Defendant was negligent in collecting a urine sample.

34. Defendant was negligent in accepting monies to collect drug testing samples.

35. Defendant was negligent in collections.

36. Defendant was negligent in assuring the sample belonged to Plaintiff.

37. Defendant was negligent in its security and chain of custody.

38. As a result of Defendant's negligence Plaintiff lost his job.

39. ProPetro Services terminated Plaintiff solely because of Defendant's collection.

40. This was not the first time that Defendant had been negligent in handling drug testing specimen.

41. Defendant acted in reckless disregard of its duties.

42. On or about October 24, 2025, Plaintiff learned that he had tested positive for cocaine.

43. Plaintiff took prompt remedial action.

44. Plaintiff relayed to the Medical Review Officer and ProPetro Services that he did not use cocaine.

45. Plaintiff went to Fidel Ogeda, M.D. of Family Care Clinic of Odessa, Texas, who memorialized that drug tests are not always reliable.

46. Plaintiff promptly took other drug tests which all tested negative.

47. Plaintiff has suffered financially because of Defendant.

48. Plaintiff has suffered emotionally because of Defendant.

49. Plaintiff's reputation has been damaged because of Defendant.

50. Defendant benefitted economically from the harm it caused Plaintiff.

51. Defendant owes Plaintiff damages for economic loss, reputational damage, pain and suffering.

52. Defendant caused significant damage to Plaintiff for the sole reason of obtaining monies by collecting drug testing samples.

53. Defendant owed Plaintiff a duty to adequately staff its facility, train its employees, supervise its employees, collect a urine sample, secure the urine sample and assure that the urine sample was not mixed up with someone else's sample.

54. Defendant did not have enough staff working on October 21, 2025.

55. Defendant was understaffed due to employee absences.

56. Defendant had a duty to assure that the employee that took the sample was supervised.

57. Plaintiff observed a drug testing site that was not adequately staffed and that Defendant's employee that took his sample was not being supervised.

58. Plaintiff lost site of his urine sample when he washed his hands.

59. Plaintiff noticed that there were multiple urine samples at Defendant's collection site.

60. Plaintiff noticed that Defendant's collection site was disorganized, understaffed and lacked security.

61. Defendant had a duty to be aware of 49 C.F.R. Part 40.

62. Defendant had a duty to train its employees of 49 C.F.R. Part 40.

63. Defendant failed to competently hire, train, retain, staff and supervise its employees that took urine samples.

64. Defendant acted in reckless of its duties.

**Count I – Negligent Staffing**

65. Plaintiff reincorporates paragraphs 1 through 64 as if fully stated herein.

66. Defendant had a duty to adequately staff its facility in order to provide Plaintiff and others accurate drug test results.

67. Defendant did not adequately staff its facility.

68. Defendant was grossly negligent.

69. Because of Defendant's negligence Plaintiff suffered damages.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, and punitive damages.

**Count II – Negligent Supervision**

70. Plaintiff reincorporates paragraphs 1 through 64 as if fully stated herein.

71. Defendant had a duty to supervise its employees.

72. Defendant owed Plaintiff a duty to supervise its employees.

73. Defendant breached its duty to Plaintiff.

74. Had Defendant adequately supervised its employees Plaintiff would not have lost his job and suffered damages.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, and punitive damages.

**Count III – Negligent Drug Testing Collection**

75. Plaintiff reincorporates paragraphs 1 through 64 as if fully stated herein.

76. Defendant was negligent in collecting drug testing samples from Plaintiff.

77. Defendant owed Plaintiff a duty to collect a urine sample competently and securely.

78. Defendant breached its duty.

79. But for Defendant's negligence, Plaintiff would not have suffered damages.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, and punitive damages.

**Count IV – Negligent Security**

80. Plaintiff reincorporates paragraphs 1 through 64 as if fully stated herein.

81. Defendant had a duty to keep its facility secure and safe.

82. Plaintiff had the right to expect that Defendant would keep its facility secure to assure that drug samples did not get mixed up.

83. Here, Defendant was negligent.

84. Because of Defendant's negligence, Plaintiff suffered damages.

85. Defendant breached its duty to Plaintiff.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, and punitive damages.

**Count V - Libel**

86. Plaintiff reincorporates paragraphs 1 through 64 as if fully stated herein.

87. Defendant published to one or more third persons that a urine sample belonged to Plaintiff.

88. The sample that Defendant published to one or more third persons allegedly contained an illegal substance.

89. The illegal substance that Defendant claimed belonged to Plaintiff was most disturbing.

90. The urine sample did not belong to Plaintiff.

91. Plaintiff did not use an illegal substance.

92. Due to Defendant's libel, Plaintiff lost a six-figure job that he had for many years.

93. Plaintiff has suffered significant monetary and reputational damages because of Defendant's action.

94. Defendant has defamed Plaintiff.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, and punitive damages.

Respectfully submitted this 2nd day of January 2026.

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Texas Bar Number 24066628
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com

*Counsel for Plaintiff Jose Luis Torres*